| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **JS-6** |
| **CENTRAL DISTRICT OF CALIFORNIA** | |

### CIVIL MINUTES -- GENERAL

Case No.    **CV 15-8682-JFW (AFMx)**                                              Date: March 10, 2016

Title:    Min Ho Kim -v- Experian Credit Reporting, Inc., et al.

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                         None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING ACTION WITHOUT PREJUDICE**

      On September 29, 2015, Plaintiff Min Ho Kim ("Plaintiff"), proceeding pro se, filed a Complaint naming Equifax Credit Reporting Agency, Inc. and Experian Credit Reporting, Inc. as Defendants. However, according to the Joint Stipulation Regarding Service and Amendment of Plaintiff's Complaint filed on November 12, 2015 ("Joint Stipulation"), the proper names of these entities are Equifax Information Services LLC and Experian Information Solutions, Inc. In their Joint Stipulation, the parties also represented that Plaintiff did not properly serve Defendants with the Complaint. Accordingly, the parties stipulated as follows:

> Instead of the Defendants filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5), Plaintiff and Defendants Equifax and Experian agree they will not require Plaintiff to serve a copy of the Amended Complaint on their respective agents for service of process, but rather will execute and file a Waiver of Service as set forth in Fed. R. Civ. P. 4(d) once Plaintiff files his Amended Complaint naming the proper entities.

Joint Stipulation at ¶ 5. On November 16, 2015, pursuant to the Joint Stipulation, the Court permitted Plaintiff to file an amended complaint naming the proper names of the Defendant entities, and ordered that Defendants execute and file a Waiver of Service once Plaintiff files his amended complaint naming the proper entities.

      On December 8, 2015, the Court filed its Scheduling and Case Management Order ("CMO"), which required any amended pleading to be filed within sixty days from the date of the CMO, or February 8, 2016. As of February 22, 2016, Plaintiff had failed to file an amended complaint naming the proper parties. Accordingly, on February 22, 2016, the Court ordered Plaintiff to show cause in writing by March 2, 2016 why this action should not be dismissed for failure to file an amended complaint to name the proper defendants. The Court expressly warned

Plaintiff that failure to respond to the Order to Show Cause would result in the dismissal of this action.

As of March 9, 2016, Plaintiff has failed to respond to the Order to Show Cause, and has failed to file an amended complaint naming the proper defendants  Accordingly, this action is **DISMISSED without prejudice** for failure to file an amended complaint to name the proper defendants and for failure to respond to the Order to Show Cause.

IT IS SO ORDERED.